# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

CHARLES R. JONES, an individual,

        Plaintiff,

vs.

COX CABLE; COSMOPOLITAN LAS VEGAS HOTEL; THE LAS VEGAS METROPOLITAN POLICE DEPARTMENT,

        Defendants.

Case No. 2:15–cv–1873–RFB–VCF

**ORDER**

JOINT MOTION TO STAY DISCOVERY (DOC. #28)

This matter involves Plaintiff Charles R. Jones' civil action against Defendants Cox Cable, the Cosmopolitan Las Vegas Hotel, and Las Vegas Metropolitan Police Department (hereafter "Metro"). Before the court are Cox Cable's and Metro's (hereafter "the Defendants"[1]) Joint Motion to Stay Discovery (Doc. #28), Jones' response (Doc. #29), and the Defendant's reply (Doc. #30). For the reasons stated below, the Defendants' joint motion to stay is granted.

## I. Background

In April 2015, Jones brought a civil action against Cox Cable, the Cosmopolitan Hotel[2], Metro, and the Clark County District Attorney's Office. Jones alleged that the Cosmopolitan Hotel, Metro, and the Clark County District Attorney's Office all conspired to ruin his professional reputation and worked to get him fired from his job at the Cosmopolitan Hotel. Jones also alleged that Metro kept him under constant surveillance and worked with Cox Cable to install surveillance equipment in Jones' home. On September 25, 2015, Jones filed a motion to withdraw his complaint and expressly requested that his

---

[1] Defendant Cosmopolitan Las Vegas Hotel does not join in the instant motion.
[2] Based on Jones' allegations, "the Cosmopolitan Hotel" and "the Cosmopolitan Las Vegas Hotel" appear to be the same entity.

1

action be dismissed with prejudice. The court granted Jones' motion for voluntary dismissal and the action was closed.

On September 30, 2015, Jones brought the instant action against Cox Cable, the Cosmopolitan Las Vegas Hotel, and Metro. (Doc. #1). Jones again alleged that the Cosmopolitan Las Vegas Hotel and Metro conspired to ruin his profession reputation and worked to get Jones fired from his job at the Cosmopolitan Las Vegas Hotel. The September 30 complaint includes more detailed allegation about Metro's alleged surveillance and Cox Cable's alleged installation of surveillance equipment in Jones' home. The Defendants moved to dismiss based on claim preclusion. (Doc. #8). The Defendants then brought the instant motion to stay discovery pending a decision on their motion to dismiss.

## II. Legal Standard

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The protective order may "[forbid] inquiry into certain matters, or [limit] the scope of disclosure or discovery on certain matter." FED. R. CIV. P. 26(c)(1)(D). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay. Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).

"[M]otions to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group, LLC v. Green*,

294 F.R.D. 579, 581 (D. Nev. 2013). "[A] party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied." *Id.*

"The purpose [of a stay of discovery] is to protect a party from the expense of engaging in discovery where fundamental issues, like jurisdiction, venue, or immunity, exist." *Sou v. Bash*, Case No. 2:15-cv-698-APG-VCF, 2015 WL 7069297 *at 2 (D. Nev. November 10, 2015). "[E]ven if one of these fundamental issues exists, a motion to stay will only be granted if the court is 'convinced' that the pending dispositive motion will be granted." *Id.*

For purposes of ruling on a motion to stay discovery, the "'preliminary peek' at the merits of the underlying motion is not intended to prejudge the outcome." *Tradebay, LLC*, 278 F.R.D. at 603. The court's role "is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objective of Rule 1." *Id.*

### III. Discussion

The parties' present one issue: whether discovery should be stayed pending a decision on the Defendants' motion to dismiss.

1. <u>The Defendants' Pending Motion to Dismiss Is Potentially Dispositive on the Instant Action</u>

In their motion to dismiss, the Defendants argue that the instant action is subject to claim preclusion. If the Defendants' claim preclusion argument is successful, the entire action may be dismissed. The potentially dispositive nature of the Defendants' pending motion to dismiss weighs in favor of staying discovery.

2. <u>The Defendants' Pending Motion to Dismiss May Be Decided Without Additional Discovery</u>

In support of their claim preclusion argument, the Defendants: (1) demonstrate the similarity of Jones' complaint in the prior action and the instant action and (2) note that Jones' prior action was dismissed with prejudice. It is likely that the Defendants' pending motion to dismiss can be decided

through an examination of: (1) the pleadings in the prior action, (2) the pleadings in the instant action, and (3) any notices, motions, and orders associated with the dismissal of the prior action. The court's ability to decide the Defendants' pending motion to dismiss without additional discovery, weighs in favor of staying discovery.

3. <u>After Taking a "Preliminary Peek" at the Merits of Defendants' Pending Motion to Dismiss, the Court is Convinced a Stay of Discovery is Appropriate</u>

"[T]he plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." FED. R. CIV. P. 41(a)(1)(B).

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.*

The court has taken its "preliminary peek" at the merits of the Defendants' pending motion to dismiss and is convinced a stay of discovery is appropriate. Jones' complaint in the instant action generally reasserts the same facts and claims for relief as his complaint in the prior action; the primary difference is that Jones' complaint in the instant action contains more detailed allegations about the Defendants' alleged misconduct. The inclusion of more detail of the Defendants' alleged misconduct likely will not affect the court's claim preclusion analysis; the inquiry is whether Jones' claims for relief in the instant action are the same as his claims for relief in his prior action. Given the similarity between

Jones' complaint in the instant action and his complaint in the prior action, a stay of discovery, pending a decision on the Defendants' motion to dismiss, is appropriate.[3]

ACCORDINGLY,

IT IS HEREBY ORDERED that the Defendants' Joint Motion to Stay Discovery (Doc. #28) is GRANTED.

IT IS SO ORDERED.

DATED this 17th day of February, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[3] Jones also argues that, since Cox Cable and the Cosmopolitan Las Vegas Hotel were not properly served with process in Jones' prior action, the dismissal of Jones' prior action is ineffective against Cox Cable and the Cosmopolitan Las Vegas Hotel. Voluntary dismissal a defendant is not predicated on service of process on that defendant. *See* FED. R. CIV. P. 41(a). Jones' failure to serve Cox Cable and the Cosmopolitan Las Vegas Hotel in his prior action is irrelevant to the court's decision on the appropriateness of a stay of discovery in the instant action.