UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHARLES R. JONES, | Case No. 2:15-cv-01873-RFB-VCF |
| Plaintiff, | ORDER |
| v. | |
| COX CABLE; COSMOPOLITAN LAS VEGAS HOTEL; THE LAS VEGAS METROPOLITAN POLICE DEPARTMENT, | |
| Defendants. | |

### I.    INTRODUCTION

Before the Court is Defendant's Motion to Dismiss. ECF No. 8.  Defendant Cox Cable joined this Motion.  ECF No. 24. For the reasons stated at the hearing and below, the Court grants the Defendant's Motion.

### II.    BACKGROUND

Plaintiff alleges in his Complaint (ECF No. 1) that Defendants Las Vegas Metropolitan Police Department (LVMPD), the Cosmopolitan Hotel, and Cox Cable, have engaged in a conspiracy to harass him, surveil him, and terminate him from his job at the Cosmopolitan.

Plaintiff filed his Complaint on September 30, 2015. ECF No. 1. Defendant LVMPD filed a Motion to Dismiss on October 26, 2015 based on res judicata. ECF No. 8. The Court held a hearing on August 4, 2016 regarding this Motion.

### III.    LEGAL STANDARD

"Res judicata, or claim preclusion, prevents the relitigation of a claim previously tried and decided." Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir. 1992). Res judicata

1 applies only when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Turtle Island Restoration Network v. U.S. Dep't of State, 673 F.3d 914, 917 (9th Cir. 2012) (quoting Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir.2003)). Further, the doctrine of "[r]es judicata bars all grounds for recovery that could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." Clark, 966 F .2d at 1320.

In the Ninth Circuit, "[w]e consider four factors in determining an 'identity of claims': (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. 'The last of these criteria is the most important.'" Turtle Island, 673 F.3d at 917-18 (quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir.1982).

## IV.     DISCUSSION

Defendants argue that, given that the parties and claims are identical, and that this case has previously been dismissed with prejudice, the court's order in 2:15-cv-666-RFB-CWH was a final judgment on the merits and Plaintiff's current claim is barred by res judicata. In response, Plaintiff does not address the issue of res judicata. He argues instead that in his previous case, he did not properly notify Defendant Cosmopolitan of the action, and therefore decided to dismiss his charges and start over to refile his complaint against all Defendants. Plaintiff argues that his claim is valid because Defendants "still conspire with each other, still harass Plaintiff and still monitor Plaintiff." Opp'n at 2. Further, at the August 2016 hearing, Plaintiff notes that he added additional facts regarding the nature of the alleged harassment, which includes Defendants following him.

The Court finds that there is identicality of parties between this case and the previous case filed by the Plaintiff. Plaintiff filed a complaint against the same defendants, as well as the Clark County District Attorney, on or around April 13, 2015. Case No. 2:15-cv-666-RFB-CWH.

1    In the previous Complaint, the Plaintiff similarly alleged that Defendants conspired to harass, transfer, and terminate him from his job at the Cosmopolitan Hotel. Therefore, the Court finds that there is an identicality of claims.

Plaintiff argues in his opposition to Defendant's motion that the actions alleged in his current complaint are an extension of the same conspiracy to harass Plaintiff, and that he merely wishes to "start over" from his previous case. After a few months litigating his First Action, Plaintiff filed a motion to "withdraw his compliant against all parties with prejudice." This Court granted Plaintiffs motion and ordered that the Complaint be dismissed with prejudice on September 25, 2015. Therefore, the Court finds that there was a final judgment on the merits in this case.

Given that there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties" the Court finds that res judicata bars the Plaintiff from bringing this instant case against Las Vegas Metropolitan Police Department. <u>Turtle Island</u>, 673 F.3d at 917-18.

The Court does find that Defendant Cox Cable cannot yet rely upon the Court's determination in this case as it answered the Complaint and did not adequately assert res judicata as an affirmative defense.  It must therefore file a motion for summary judgment or judgment on the pleadings to be able to rely upon the Court's determination in this case.  The Court will consider that brief motion expeditiously.

**V.    CONCLUSION**

**IT IS ORDERED** that Defendant's Motion to Dismiss is GRANTED. ECF No. 8.

**DATED**: <u>September 26, 2016</u>.



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**