UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES R. JONES, | Case No. 2:15-cv-01873-RFB-VCF |
| Plaintiff, | ORDER |
| v. | |
| COX CABLE; COSMOPOLITAN LAS VEGAS HOTEL; THE LAS VEGAS METROPOLITAN POLICE DEPARTMENT, | |
| Defendants. | |

## I.  INTRODUCTION

Before the Court are Plaintiff's Motions to Not Dismiss, ECF Nos. 42, 45, and 50, and Defendant Cox Cable's Motion for Judgment on the Pleadings. ECF No. 55. For the reasons stated below, the Court grants the Defendant's Motion for Judgment on the Pleadings and Denies Plaintiff's Motions Not to Not Dismiss.

## II.  BACKGROUND

Plaintiff alleges in his Complaint (ECF No. 1) that Defendants Las Vegas Metropolitan Police Department (LVMPD), the Cosmopolitan Hotel, and Cox Cable, have engaged in a conspiracy to harass him, surveil him, and terminate him from his job at the Cosmopolitan.

Plaintiff filed his Complaint on September 30, 2015. ECF No. 1. Defendant LVMPD filed a Motion to Dismiss on October 26, 2015 based on res judicata. ECF No. 8. The Court held a hearing on August 4, 2016 regarding the Motion to Dismiss. On September 26, 2016, the Court granted the Motion to Dismiss as to Defendants Las Vegas Metropolitan Police Department and Cosmopolitan Las Vegas Hotel. ECF No. 51.

The Court found that Defendant Cox Cable could not rely upon the res judicata determination because "it answered the Complaint and did not adequately assert res judicata as an affirmative defense. It must therefore file a motion for summary judgment or judgment on the pleadings to be able to rely upon the Court's determination in this case. The Court will consider that brief motion expeditiously." ECF No. 51 at 3.

### III. LEGAL STANDARD

The standard for assessing a motion for judgment on the pleadings under 12(c) is the same as the standard for a 12(b)(6) motion to dismiss. Enron Oil & Transp. Co. v. Walbrook Ins. Co., Ltd., 132 F.3d 526, 529 (9th Cir. 1997). "A judgment on the pleadings is a decision on the merits, and we review it de novo. Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law. All allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party." General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989) (internal quotations and citations omitted)

"Res judicata, or claim preclusion, prevents the relitigation of a claim previously tried and decided." Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir. 1992). Res judicata applies only when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." Turtle Island Restoration Network v. U.S. Dep't of State, 673 F.3d 914, 917 (9th Cir. 2012) (quoting Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir.2003)). Further, the doctrine of "[r]es judicata bars all grounds for recovery that could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." Clark, 966 F .2d at 1320.

In the Ninth Circuit, "[w]e consider four factors in determining an 'identity of claims': (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the

two suits arise out of the same transactional nucleus of facts. 'The last of these criteria is the most important.'" Turtle Island, 673 F.3d at 917-18 (quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir.1982).

### IV. DISCUSSION

The Court incorporates by reference the reasoning set forth in section IV of the order granting Defendant Las Vegas Metropolitan Police Department's Motion to Dismiss, ECF No. 51, and briefly elaborates here. Having reviewed the complaints in this action and Case No. 2:15-cv-666-RFB-CWH, the Court finds that res judicata bars claims against Cox Cable for the same reasons it barred claims against LVMPD and the Cosmopolitan Hotel. Given that there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties," the Court finds that res judicata bars the Plaintiff from bringing this instant case against Defendant Cox Cable. Turtle Island, 673 F.3d at 917-18.

The Court has reviewed Plaintiff's Motions to Not Dismiss, ECF Nos 42, 45, and 50. These Motions elaborate on claims made in the complaint but do not address the issue of res judicata. As these motions provide no legally cognizable rationale for the Court not to dismiss the case, they are denied.

### V. CONCLUSION

**IT IS ORDERED** that Defendant Cox Cable's Motion for Judgment on the Pleadings (ECF No. 55), is GRANTED.

**IT IS FURHTER ORDERED that** Plaintiff's Motions to Not Dismiss (ECF Nos. 42, 45, and 50) are DENIED.

No Defendants remain in this case and the case is hereby closed.

**DATED**: March 21, 2017

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**